**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| VDPP, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>I-PRO AMERICAS INC.,<br><br>*Defendant.* | C.A. No. 4:25-cv-02783<br><br>JURY TRIAL DEMANDED |

**DEFENDANT I-PRO AMERICAS, INC'S**
**ANSWER AND COUNTERCLAIMS**
**TO PLAINTIFF VDPP, LLC'S COMPLAINT**

Defendant i-PRO Americas Inc. ("iPRO"), by and through its attorneys, hereby answers the Complaint of Plaintiff VDPP, LLC ("VDPP") filed on June 13, 2025 (ECF No. 1) ("Complaint"). iPRO denies that it is liable for infringement of any valid claim of United States Patent No. 10,021,380 ("the '380 Patent").

Each numbered paragraph below corresponds to the same-numbered paragraph (each a "Paragraph") in VDPP's Complaint. iPRO denies all allegations, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. iPRO denies that VDPP is entitled to the relief requested or any other relief. iPRO responds to VDPP's Complaint as follows:

**THE PARTIES**

1. Plaintiff VDPP, LLC is a company organized under the laws of Oregon with a principal place of business located in Corvallis, Oregon.

**Answer:** iPRO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis iPRO denies these allegations.

2. On information and belief, Defendant is a corporation organized and existing under the laws of the State of Texas, with a principal and regular and established business at I-PRO Americas Inc., 8550 Fallbrook Drive, Suite 200, Houston, TX 77064. Defendant can be served with process through Defendant's registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, at Defendant's regular and established business, and anywhere else Defendant can be found.

**Answer:** iPRO admits that iPRO has a principal and regular and established place of business at 8550 Fallbrook Drive, Suite 200, Houston, TX 77064. iPRO also admits that iPRO's registered agent is C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. iPRO denies the remaining allegations of paragraph 2.

3. On information and belief, Defendant has sold and offered to sell products and services throughout Utah, including in this judicial district, and introduced products and services that performed infringing methods or processes into the stream of commerce knowing that they would be sold in Utah and in this judicial district.

**Answer:** iPRO denies the allegations of paragraph 3.

## JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

**Answer:** iPRO admits the allegations of paragraph 4.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Utah and this judicial district; (ii)

Defendant has purposefully availed itself of the privileges of conducting business in the State of Utah and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Utah and in this judicial district.

**Answer:** iPRO denies the allegations of paragraph 5.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Utah and this District. Defendant is a resident of Utah.

**Answer:** iPRO admits that it has a regular and established place of business in this District. iPRO denies all other allegations of paragraph 6.

## INFRINGEMENT OF U.S. PATENT NO. 10,021,380

7. On July 10, 2018, U.S. Patent No. 10,021,380 ("the '380 patent", included as Exhibit A and part of this complaint) entitled "Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '380 patent by assignment.

**Answer:** iPRO admits that the '380 patent indicates on its face that it was issued by the U.S. Patent and Trademark Office on July 10, 2018. iPRO specifically denies that the '380 patent was duly and legally issued. iPRO lacks knowledge or information sufficient to form a belief as to whether Plaintiff owns the '380 patent by assignment and, on that basis, denies the allegation.

8. The ’380 patent relates to methods and systems for modifying images. The ’380 patent expired on August 15, 2022.

**Answer:** iPRO lacks knowledge or information sufficient to form a belief as to the truth of whether the ’380 patent relates to methods and systems for modifying images, and on that basis iPRO denies that allegation. iPRO admits that, on its face, the ’380 patent expired on August 15, 2022.

9. Defendant maintains, operates, and administers systems, products, and services in the field of image capture devices that infringed one or more of claims of the ’380 patent, including one or more of claims 1-30, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the ’380 Patent into service (i.e., used them) before the ’380 patent expired; but for Defendant’s actions, the claimed-inventions embodiments involving Defendant’s products and services would never have been put into service. Defendant’s acts complained of herein caused those claimed-invention embodiments as a whole to perform, and enabled Defendant’s procurement of monetary and commercial benefit therefrom.

**Answer:** iPRO denies the allegations of paragraph 9. Specifically, iPRO denies that it infringes any claim of the ’380 patent.

10. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

**Answer:** iPRO denies the allegations of paragraph 10. Specifically, iPRO denies that it infringes any claim of the ’380 patent.

11. Defendant has caused Plaintiff damage by direct infringement of the claims of the ’380 patent.

**Answer:** iPRO denies the allegations of paragraph 11. Specifically, iPRO denies that it infringes any claim of the '380 patent or that it has caused Plaintiff damage.

## CONDITIONS PRECEDENT

12. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

**Answer:** iPRO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis iPRO denies these allegations.

13. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patents-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

**Answer:** iPRO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis iPRO denies these allegations.

14. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged

patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

**Answer:** iPRO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and on that basis iPRO denies these allegations.

15. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

**Answer:** iPRO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis iPRO denies these allegations.

16. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

**Answer:** iPRO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis iPRO denies these allegations.

17. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

**Answer:** iPRO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and on that basis iPRO denies these allegations.

## AFFIRMATIVE DEFENSES

iPRO asserts the following affirmative defenses to the Complaint. In doing so, iPRO does not make any admission as to the burden of proof, burden of persuasion, or truth of any allegation in the Complaint. iPRO reserves the right to amend or supplement these defenses as additional facts become known.

### FIRST DEFENSE
### (Failure to State a Claim)

VDPP's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Non-Infringement)

iPRO does not infringe and has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '380 patent that is valid and enforceable pursuant to 35 U.S.C. § 271, either literally or under the doctrine of equivalents, and is not liable for such infringement.

### THIRD DEFENSE
### (Invalidity)

VDPP has asserted in its Complaint claims 1–30 of the '380 patent. The asserted claims of the '380 patent are invalid for failure to satisfy one or more provisions of Title 35 of the United

States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, *et seq.*, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

**FOURTH DEFENSE**
**(Limited Damages)**

Damages to VDPP, if any, are limited by 35 U.S.C. §§ 286 and 287.

**FIFTH DEFENSE**
**(No Costs)**

VDPP is barred from recovering costs associated with this action by 35 U.S.C. § 288.

**SIXTH DEFENSE**
**(No Willful Infringement)**

Any alleged infringement by iPRO could not be willful under VDPP's allegations because (1) iPRO has not and does not infringe any valid claim of the '380 patent, (2) iPRO lacks any intent to infringe or cause infringement, and (3) iPRO has not acted willfully or egregiously.

**SEVENTH DEFENSE**
**(License)**

VDPP's claims are barred, in whole or part, by an express or implied license, and/or the equitable doctrines of acquiescence, estoppel, patent misuse, unclean hands, and/or the doctrine of patent exhaustion.

**EIGHTH DEFENSE**
**(No Exceptional Case Based on iPRO's Conduct)**

iPRO's alleged actions as stated by VDPP as well as iPRO's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

**NINTH DEFENSE**
**(Additional Defenses or Counterclaims)**

Any additional defenses or counterclaims that discovery may reveal. iPRO reserves the right to assert such additional defenses, including without limitation defenses based on

inventorship, inequitable conduct, or others that become known through the course of discovery or available through rulings in this action.

## iPRO'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiff i-PRO Americas Inc. ("iPRO") by and through its attorneys, hereby submits these Counterclaims against Counterclaim-Defendant VDPP, LLC ("VDPP"). Without any admission as to the burden of proof, burden of persuasion, or truth of any allegation in the Complaint, iPRO asserts the following additional defenses:

iPRO's Counterclaims for declaratory judgment of non-infringement and invalidity of one or more claims of U.S. Patent No. 10,021,380 ("the '380 patent"). iPRO's Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

## THE PARTIES

1. iPRO is a company organized and existing under the laws of the State of Delaware and has a principal place of business at 8550 Fallbrook Drive, Suite 200, Houston, TX 77064.

2. iPRO became independent from Panasonic as an image sensing company in 2019. iPRO's core businesses include security surveillance, medical vision, and modular cameras.

3. On information and belief, VDPP is a company organized under the laws of Oregon with a principal place of business located in Corvallis, Oregon.

4. On information and belief, VDPP is a non-practicing entity, and it does not have any products on the market.

## JURISDICTION AND VENUE

5. iPRO incorporates by reference the allegations in paragraphs 1–4 of these Counterclaims as if fully set forth herein.

6. iPRO's Counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly under 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 100 *et seq.*, respectively.

7. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

8. This Court has personal jurisdiction over VDPP because it has subjected itself to the jurisdiction of this Court in this case by filing the Complaint in this judicial district.

9. For the purposes of this action, and without waiving any objections iPRO may have in other actions, venue in this judicial district for iPRO's Counterclaims is proper under 28 U.S.C. §§ 1391 and 1400(b) because VDPP has consented to this venue by asserting and filing claims of patent infringement against iPRO in this judicial district.

## THE '380 PATENT

10. iPRO incorporates by reference the allegations in paragraphs 1–9 of these Counterclaims as if fully set forth herein.

11. U.S. Patent No. 10,021,380 is titled "Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials" and lists Kenneth Martin Jacobs and Ronald Steven Karpf as the inventors. The '380 patent, on its face, is assigned to VDPP. According to the Complaint, VDPP is the owner of the '380 patent.

## COUNT ONE
## (Declaratory Judgment of Non-Infringement of the '380 Patent)

12. iPRO incorporates by reference the allegations in paragraphs 1–11 of these Counterclaims as if fully set forth herein.

13. VDPP has alleged that it owns the '380 patent.

14. VDPP has accused iPRO of infringing claims 1–30 of the '380 patent.

15. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether iPRO has directly infringed or induced or contributed to infringement of any valid and enforceable asserted claim of the ’380 patent, either literally or under the doctrine of equivalents.

16. iPRO did not and does not directly or indirectly infringe any claim of the ’380 patent that is valid and enforceable pursuant to 35 U.S.C. § 271, either literally or under the doctrine of equivalents.

17. iPRO did not and does not willfully infringe any valid and enforceable claim of the ’380 patent.

18. iPRO is entitled to a declaration that it did not and does not directly or indirectly infringe any valid and enforceable claim of the ’380 patent, either literally or under the doctrine of equivalents.

19. iPRO is entitled to a declaration that it did not and does not willfully infringe any valid and enforceable claim of the ’380 patent, either literally or under the doctrine of equivalents.

20. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

21. iPRO is entitled to an award of reasonable attorneys’ fees under 35 U.S.C. § 285 because this case is exceptional.

**COUNT TWO**
**(Declaratory Judgment of Invalidity of the ’380 Patent)**

22. iPRO incorporates by reference the allegations in paragraphs 1–21 of these Counterclaims as if fully set forth herein.

23. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of claims 1–30 of the ’380 patent based on VDPP’s allegation in its Complaint that iPRO has infringed, infringes, or will infringe those claims.

24. Claims 1–30 of the ’380 patent are invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, *et seq.*, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

25. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

26. iPRO is entitled to an award of reasonable attorneys’ fees under 35 U.S.C. § 285 because this case is exceptional.

**DEMAND FOR JURY TRIAL**

iPRO requests a trial by jury of all issues that may be properly tried by a jury, and it gives notice of its reliance on VDPP’s payment of the statutory fee.

**PRAYER FOR RELIEF**

WHEREFORE, iPRO respectfully requests that the Court dismiss VDPP’s Complaint with prejudice and enter judgment in favor of iPRO.

(i) the entry of judgment on VDPP’s Complaint in favor of iPRO, and against iPRO, with VDPP not being awarded any relief of any kind;

(ii) a declaration that one or more claims of the ’380 patent are invalid and the grant of further relief as may be deemed necessary or proper;

(iii) a declaration that the claims of the ’380 patent are not infringed by iPRO and the grant of further relief as may be deemed necessary or proper;

(iv) enjoining VDPP and its agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice hereof from threatening or initiating infringement litigation against iPRO or its actual or prospective customers, sellers, dealers, or suppliers, or charging them either orally or in writing with infringement of the ’380 patent;

(v) an award to iPRO of attorneys’ fees, costs, and expenses incurred by iPRO in defending against VDPP’s Complaint and/or in prosecuting iPRO’s Counterclaims, including pursuant to 35 U.S.C. § 285, upon a finding that this is an exceptional case;

(vi) awarding costs, expenses, and attorneys’ fees pursuant to 28 U.S.C. § 1927; and

(vii) an award to iPRO of all other and further relief in law and equity that this Court deems just and proper.

Date: July 28, 2025

Respectfully submitted,

*/s/ Chris Reynolds*
**Chris Reynolds**
State Bar No. 16801900
Federal Bar No. 4890
**Thallia Malespin**
State Bar No. 24120643
Federal Bar No. 3815428
REYNOLDS FRIZZELL LLP
1100 Louisiana Street, Suite 3500
Houston, Texas 77002
Telephone: (713) 485-7200
Facsimile: (713) 485-7250
creynolds@reynoldsfrizzell.com
tmalespin@reynoldsfrizzell.com

*Attorneys-in-charge for iPRO*

*Of Counsel:*

Maxwell Fox*
Han Xu*
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
2F Marunouchi Nijubashi Bldg,
3-2-2 Marunouchi
Chiyoda-ku, Tokyo 100-0005 Japan
+81-3-6632-7424

Megan Raymond*
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
801 17th Street NW, Suite 1050
Washington D.C. 20006
(202)505-5830

Chieh-Ming Hsu*
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
565 Fifth Avenue, Suite 2900
New York, NY 10017
(322) 269-0030

**Pro Hac Vice* applications forthcoming

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on July 28, 2025, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Thallia Malespin*
Thallia Malespin